[Civ. No. 2228. Fourth Appellate District.—January 26, 1939.]

AUGUSTA A. HART, Respondent, v. JOSEPH SLAYMAN et al., Defendants; JENNIE SLAYMAN, as Administratrix, etc., Appellant.

N. Lindsay South for Appellant.

Chester R. Andrews for Respondent.

MARKS, J.—This is an action on three promissory notes signed by Joseph Slayman for $1,000 each, made payable respectively on September 30, October 30 and November 30, 1931. The complaint was filed on August 2, 1937. It contained copies of two written instruments signed by Slayman dated in January and March, 1936, which plaintiff maintains, and which the trial court found, were promises to pay the indebtedness. Slayman died after the rendition of the judgment against him.

Slayman pleaded the statute of limitations in the following form:

"That said promissory notes refered to and set forth in paragraph III are barred and each of them is barred by the statute of limitation, to-wit: Sect. 337 Code of Civil Procedure of the State of California."

Section 337 of the Code of Civil Procedure contains two subdivisions. The second subdivision includes within its provisions three classes of accounts.

Section 458 of the Code of Civil Procedure provides as follows:

"In pleading the statute of limitations it is not necessary to state the facts showing the defense, but it may be stated generally that the cause of action is barred by the provisions of section —— (giving the number of the section and sub-

division thereof, if it is so divided, relied upon) of the Code of Civil Procedure; and if such allegation be controverted, the party pleading must establish, on the trial, the facts showing that the cause of action is so barred.''

It is now the settled law in California that where the particular code section pleaded as a bar to the action, contains two or more subdivisions, the answer must plead the subdivision number as well as the section number to present the defense of the statute of limitations; that an answer that merely pleads such section number without also pleading the proper subdivision number does not present the defense that the action is barred by a statute of limitations. (*Overton* v. *White,* 18 Cal. App. (2d) 567 [64 Pac. (2d) 758, 65 Pac. (2d) 99].) Numerous cases are cited and considered in that opinion.

In 16 California Jurisprudence, 603, it is said:

''Since, as between persons acting in their own right, the statute of limitations is a personal privilege to be asserted or waived at the option of the one entitled to assert it, the statute must be affirmatively pleaded, either by demurrer or by answer, or its benefits are waived. This is true whether the action is one upon a demand which is governed by the general statute of limitations, or one which is governed by a statute relating to a particular proceeding.''

As section 337 of the Code of Civil Procedure contains two subdivisions, and as Slayman pleaded the section without pleading the subdivision relied upon by him, his answer did not present the defense of the bar of the statute of limitations, and that defense was waived. He relies on no other defense here.

No appeal lies from an order denying a motion for a new trial. (Sec. 963, Code Civ. Proc.)

The appeal from the order denying the motion for new trial is dismissed.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.