[Civ. No. 2413. Fourth Appellate District.—November 17, 1939.]

PETER E. PRUSSING, Administrator, etc., Respondent, v. ANITA PRUSSING, Appellant.

509

McFadden & Holden and J. P. Guerin for Appellant.

Arthur E. Koepsel and Sharpless Walker for Respondent.

MARKS, J.—This is an appeal from a judgment against defendant in the sum of $4,500 damages to the estate of Nicholas F. Prussing, deceased, by reason of defendant acquiring title in her own name to property encumbered by a mortgage securing a promissory note dated September 17, 1926, due in three years, in the sum of $6,750, made by Edward M. West and owned by deceased at the time of his death, and by permitting the statute of limitations to run against the obligation without filing a foreclosure action.

The appeal is on the judgment roll. Thus we are required to assume that all findings of fact are supported by sufficient material evidence. It will be necessary for us to detail the facts disclosed by the record with considerable particularity in order to give a proper understanding of the problems before us.

The complaint contains two causes of action. As judgment went in favor of defendant on the first cause of action and as plaintiff has not appealed from that portion of the judgment, no further attention will be given to that phase of the case.

The second cause of action is for damages for fraud in obtaining title to real property for the purpose of defrauding the estate out of its value and for negligence in permitting the statute of limitations to run.

The execution of the promissory note and mortgage and their assignment to deceased are alleged as is the death of Nicholas F. Prussing on January 15, 1932, and the appointment of defendant, his widow, as executrix on February 5, 1932. It is also alleged that she returned an inventory and appraisement of the property of the estate including therein the note and mortgage already mentioned; that she was removed as such executrix on March 20, 1936; that on

May 8, 1936, she recorded a deed conveying to herself individually the property described in the mortgage; that she negligently permitted the statute of limitations to run against the note and mortgage on September 17, 1933, without instituting any action to foreclose the mortgage and collect the note; that this was done and title to the mortgaged property was taken by her for the purpose of defrauding the estate out of its value so that she might personally benefit therefrom.

The first amended answer denied the material allegations of the complaint except those formal allegations first mentioned.

Defendant denied that the statute of limitations had been allowed to run against the note and mortgage and plead a written extension agreement dated September 18, 1929, signed by N. F. Prussing and M. R. Cobb, whereby the time for payment of the note was extended for three years to September 17, 1932. This agreement recited that M. R. Cobb "has assumed" the note and that it was made "for and in consideration of the sum of $1.00 paid by each party hereto to the other".

The first amended answer denied any fraud on the part of defendant and alleged that the deed was made to her by mistake and inadvertence. It was also alleged that both before and after the filing of the complaint in this action defendant had offered to restore the property. There is no allegation of a tender of a deed conveying title to the mortgaged property nor is there an offer to convey the property to the estate.

Taking the pleading as a whole it is rather clear that no one would have any great difficulty in concluding that defendant attempted to allege that title to the property was conveyed to her individually by mistake; that she held the legal title to it in trust for the estate; and that she was willing to correct the mistake by conveying the record title to the estate.

A trial was had and findings of fact and conclusions of law and a judgment, interlocutory in its nature, were signed on July 30, 1937.

The trial court found in favor of plaintiff on the major issues. It was particularly found that the extension agreement was a valid and binding contract and extended the time for the payment of the note to September 17, 1932;

that "for said reason the statute of limitation has not run against said note and mortgage and the same are not barred by limitation".

The trial judge drew the following conclusions of law from the facts found: that defendant acquired title to the property wrongfully and in violation of her trust and was liable for any damages caused by her breach of trust; that the amount of such damages could not be ascertained until after a foreclosure of the mortgage and a sale of the property and "after it is shown to the court that a deficiency, if any, could and should have been collected from Edward M. West"; that judgment be entered decreeing that plaintiff has been damaged by the acts of defendant; that the amount of such damages, if any, be determined at a subsequent hearing after foreclosure of the mortgage, sale of the mortgaged property, and the determination of the question of the ability of Edward M. West to respond to a deficiency judgment; that the judgment to be immediately entered be final and binding upon the parties "except as to the amount of damages, if any" and that when the amount of damages be ascertained a full and final judgment will be entered "in accordance therewith".

The judgment closely followed the conclusions of law. It contained the following:

"That plaintiff shall proceed with the foreclosure of the mortgage herein referred to upon the above described real property. That said property be sold. That the plaintiff file a certified copy of said judgment and report of sale with the Clerk of the Court. That after the sale of said property and after it is shown to the Court that a deficiency, if any, could and should have been collected from Edward M. West, the plaintiff shall move to have a citation issued against the defendant to show cause why judgment should not be entered against her for such damages, if any, as may be shown.

.   .   .   .   .   .   .   .   .   .   .   .   .

"That a present judgment shall be final and binding upon the parties hereto, except as to the amount of damages to be ascertained as aforesaid. When said amount is ascertained, the Court will make a full and final judgment thereon in accordance therewith."

A second findings of fact and conclusions of law and "final judgment" dated September 23 and September 30, 1938, respectively, appear in the record. The second findings contain the following:

"In the former proceedings, findings and judgment, the Court purposely refrained from making a definite finding and judgment as to the amount of damages which plaintiff was entitled to for the reason that at said time there was a reasonable probability that the damages as shown in the trial of the action would be increased by foreclosure proceedings then contemplated on the note and mortgage involved in the action. It was the intention of this court to direct the plaintiff to proceed with said foreclosure proceedings and if a deficiency was shown to have been collectible from Edward M. West, the amount of said deficiency, if any, would be added to the damages already shown to have accrued.

"The Court at the conclusion of the former hearing reserved the right to make further and definite findings and judgment as to the actual amount of damages sustained by plaintiff by reason of the unlawful acts of the defendant."

The findings of fact and judgment of July 30, 1937, are copied into and made a part of the second findings.

It is then found that defendant acquired title to the mortgaged property on October 31, 1932, and that the value of the property was then $4,500; that pursuant to the mandate of the former judgment, plaintiff instituted an action in the Superior Court of Los Angeles County to foreclose the mortgage.

A judgment rendered in that action is then copied into the findings. The action in Los Angeles County to foreclose the mortgage was entitled *Peter E. Prussing, as administrator, etc.,* v. *Edward M. West, M. R. Cobb, Anita Prussing, and certain fictitious defendants.* That judgment recites that defendant M. R. Cobb appeared and demurred to the complaint and moved for judgment on the pleadings. It recites that the trial court was of the opinion that the extension agreement to which we have already referred was "void for want of consideration" and that therefore the cause of action was barred by the statute of limitations. It was adjudged that the demurrer be sustained without leave to amend; that Cobb have judgment on the pleadings; that

plaintiff "is hereby denied any and all relief against the defendant M. R. Cobb."

In the instant action the trial court further found that no deficiency judgment was collectible against "Edward M. West or his estate".

A "final judgment" was entered against defendant for $4,500 and costs.

We wish to state that the mere recital of the foregoing facts and the procedure followed in the trial court should not be construed as an approval of that procedure which involved entering an interlocutory judgment in an action at law. A determination of the question thus presented is not necessary for a decision of this case.

It is clear from the record that the trial judge considered defendant liable for the loss to the estate of her husband caused by her taking title to the mortgaged property in her own name and in not securing a deficiency judgment against Edward M. West before the statute of limitations had run in his favor; that the amount of damages could not be fixed before foreclosure of the mortgage and a sale of the mortgaged property; that no damages could or would be assessed before the completion of the sale.

The question of the value of a deficiency judgment against West was settled by the finding that no such judgment could have been collected from him or from his estate.

The matter of the foreclosure of the mortgage and sale of the property is far from settled by the record because all that was settled by the judgment in the Superior Court of Los Angeles County is that the action to foreclose the mortgage was barred by the statute of limitations in so far as that action affected M. R. Cobb. That action against Edward M. West, the maker of the note, and Anita Prussing, the present holder of the record title to the property is undetermined and is still pending as far as the record shows. There is nothing in the record to indicate that the mortgage may not be foreclosed and the property yet sold in that action. It does not appear that either of those two defendants have plead the statute of limitations as a bar to the foreclosure action.

The maker of a note and mortgage and the present holder of the record title to the mortgaged property, through mesne conveyances from the mortgagor, are proper parties to a foreclosure proceeding. (18 Cal. Jur., p. 337, sec. 608.)

A judgment against them (there being no intervening junior lienholder) is sufficient to vest title in the purchaser at foreclosure sale. Title may be passed by a sale in foreclosure proceedings under a decree against the present record owner of the property who took title subject to the mortgage.

"Since . . . the statute of limitations is a personal privilege to be asserted or waived at the option of the one entitled to assert it, the statute must be affirmatively pleaded, either by demurrer or by answer, or its benefits are waived." (16 Cal. Jur., p. 603, sec. 199.) As neither Edward M. West nor Anita Prussing have pleaded the bar of the statute, the action may be prosecuted against them at least until such plea be interposed.

The judgment in favor of M. R. Cobb is only a final judgment in so far as it affects the right of the plaintiff to prosecute the foreclosure action against him. It is not an adjudication of plaintiff's right to proceed with the action against the other defendants. (14 Cal. Jur., p. 951, sec. 52.) The action as to them is still pending and undecided.

It is clear that the cause of action stated in the complaint is one for damages resulting from (1) negligently permitting "the statute of limitations to run against the right of action to foreclose said mortgage and collect said note" and (2) defendant's fraudulently acquiring property belonging to the estate of deceased while she was acting as executrix.

We may assume negligence on the part of defendant in failing to bring the action to foreclose the mortgage, and still there is nothing to indicate that the estate thus far has suffered any loss by reason of such assumed negligence. A judgment against the maker of the note would have been of no value to the estate because the trial court particularly found that nothing could have been collected from West or his estate. There is nothing to indicate that the mortgage cannot be foreclosed against West and Mrs. Prussing as successfully now as it could have been before the statute had run. Neither West nor defendant has interposed the plea of the bar of the statute in the foreclosure action and until they do so the trial court cannot assume that such a defense might be interposed and the foreclosure defeated. Until it is shown by some competent evidence that the mort-

gage cannot be foreclosed no loss to the estate by reason of the bar of the staute has been established.

On the record before us there is nothing to indicate that defendant acquired or holds any property belonging to her deceased husband's estate. He held a mortgage on the Los Angeles County property. That mortgage became an asset of his estate. A mortgage is a mere lien on real property and is not a grant of an estate in real property. (*Alder* v. *Sargent*, 109 Cal. 42 [41 Pac. 799].) It is merely security for a debt or obligation. (*Johnson* v. *Razy*, 181 Cal. 342 [184 Pac. 657] ; 17 Cal. Jur., p. 714 et seq.) Deceased did not own the mortgaged property. He merely had a lien upon it.

It is clear from the record that defendant did not acquire any interest in the mortgage or the debt secured by it. She acquired the record title to the property. The mortgage was duly recorded, so she took that title subject to the mortgage (18 Cal. Jur., p. 25, sec. 352), and subject to the liabilities and obligations of the mortgagor, except his liability to respond to a deficiency judgment. As she acquired no property belonging to the estate it was not damaged by her act in taking the record title to the mortgaged property subject to the mortgage.

It may be that loss to the estate might occur if the defense of the bar of the statute of limitations should be successfully interposed in the pending foreclosure proceedings. It also may be true that if defendant was negligent in permitting that statute to run she might be responsible for the damages resulting from that negligence, if any, on her part, if the bar of the statute is interposed and sustained. There must be proof of such loss before any money judgment can be rendered against her to compensate for injury, if any, to the estate.

As far as the record shows the lien of the mortgage is just as valid and just as much subject to foreclosure now as it was before the record title to the mortgaged property was placed in the name of defendant. Damages cannot be recovered without some proof of loss or injury resulting from the wrongful act or neglect, if any, of a defendant. Here there is neither a finding of any fact nor any inference to be drawn from any finding of fact that the estate of Nicholas F. Prussing has yet suffered any loss, damage or injury from any act or neglect, if any, of defendant. It follows that the

findings fail to support the judgment awarding plaintiff damages against defendant.

The judgment is reversed.

Barnard, P. J., and Griffin, J., concurred.