[Civ. No. 2807.   Fourth Dist.   Aug. 4, 1941.]

PETER E. PRUSSING, as Administrator With the Will Annexed, etc., Respondent, v. ANITA PRUSSING, Defendant; GEORGE L. BATES, as Administrator, etc. (Substituted Defendant), Appellant.

McFadden & Coomber for Appellant.

Sharpless Walker and James E. Walker for Respondent.

BARNARD, P. J.—This is an action to establish and enforce a trust in favor of the plaintiff with respect to certain real property standing of record in the name of the original defendant, Anita Prussing. The court found in all respects in favor of the plaintiff and this appeal is from

the judgment which followed. Pending the appeal Anita Prussing died and George L. Bates, as administrator of her estate, has been substituted herein. For convenience, we will refer to Anita Prussing as the defendant and appellant.

On February 5, 1932, the appellant was appointed executrix of her deceased husband's estate. Among the assets of the estate was a note for $6750, secured by a mortgage on the real property here in question. The note was payable September 17, 1929, and the mortgagor had conveyed the property to M. R. Cobb and three other persons. The decedent, in his lifetime, had signed a written agreement with M. R. Cobb purporting to extend the due date of the note to September 17, 1932. The validity and sufficiency of this extension agreement has been and is attacked but is not material on the present appeal.

On October 31, 1932, the property was deeded by Cobb and the other owners to the appellant individually, and the deed was recorded on May 8, 1936. On March 20, 1936, she was removed as executrix and on March 26, 1936, this respondent was appointed as administrator with the will annexed of that estate. On April 8, 1936, the appellant filed a report as executrix accounting for rentals received from the property and charging the estate with taxes she had paid thereon.

On September 16, 1936, this respondent filed an action in the Superior Court of Los Angeles County to foreclose the mortgage above referred to. Before any issue in that action was determined another action was filed in Orange County by this respondent against this appellant, seeking damages on the ground that she had negligently allowed the note secured by the mortgage to be barred by the statute of limitations. In that action the court held that she had been negligent and was liable for damages but withheld final judgment pending further proceedings in the foreclosure action which were directed to be taken. Thereafter, in the foreclosure action, a demurrer filed by R. M. Cobb was sustained on the ground that the agreement for an extension of time entered into by Cobb and the decedent was void for want of consideration and that the cause of action was barred by the statute of limitations. Thereafter, a final judgment

was entered in the Orange County action awarding damages in favor of the plaintiff and against this appellant. On appeal, that judgment was reversed by this court on the ground that this action for damages was premature since this appellant might not interpose the statute of limitations as a defense in the foreclosure action and it did not then appear that the estate had lost its right of recourse against the real property described in the mortgage. (*Prussing* v. *Prussing*, 35 Cal. App. (2d) 508 [96 Pac. (2d) 128].) As was pointed out in the decision in that case this appellant had answered therein alleging that title to the property was conveyed to her individually by mistake and that she held the legal title to the property in trust for the estate.

On January 20, 1940, after the going down of the *remittitur* in the damage action, the instant action was begun. The complaint, as filed, contained two causes of action. The first was based upon the claim that the appellant held title to the property in trust for the benefit of the estate and the second was for a foreclosure of the mortgage. The appellant demurred to the second cause of action on the ground that the same was barred by the statute of limitations, and this demurrer was sustained without leave to amend. The action then proceeded to trial and judgment on the first cause of action.

It now appears, from the record before us, that the mortgage securing the note belonging to the estate cannot be foreclosed; that the appellant holds legal title to the property covered by the mortgage; that she paid nothing for it; that she obtained such title while acting as executrix of the estate, and because she happened to be such executrix; that title was conveyed to her by the then owners of the property with the understanding, belief and expectation that it was to be taken in full payment of the note and mortgage, and that no attempt would be made to collect the note for the estate or otherwise; that the appellant accepted the conveyance of the property knowing that the grantors were conveying it for that purpose and with that expectation; that about the time of her removal as executrix she accounted to the estate for rentals she received for the estate and charged the estate with taxes thereon; and that in the prior action in Orange County she stated under oath that the property had been conveyed to her individually by mis-

take and that she held the legal title to it in trust for the estate. In spite of the fact that she received title to the property in this manner while she was acting in such trust capacity, she now takes the position that the mortgage is outlawed and cannot be foreclosed against her and claims to be the owner of the property freed from the debt and, relying on innumerable technicalities, now seeks to have her claim confirmed by a court of equity. The mere statement of the proposition should be sufficient to indicate the result that should follow.

■ The appellant first contends that the complaint did not state a cause of action for the establishment of a trust. The complaint alleged most of the facts above set forth and alleged that this appellant neglected to foreclose the mortgage and wrongfully accepted a deed to the property to herself individually; that the owners intended to convey the property to her only as executrix and for use and benefit of the estate; that she paid no consideration for the property; that the conveyance was made by the owners with the expectation that the note and mortgage would be extinguished; that she wrongfully concealed the fact that she had received said deed; that upon her removal as executrix she wrongfully placed the deed of record; and that she now wrongfully claims title and possession to the property.

The appellant argues that the complaint does not allege accident, mistake or undue influence, and that no violation of trust is alleged or could be alleged since the appellant did not stand in a confidential relation to the owners of the property who conveyed it to her. The complaint alleges some half-dozen wrongful acts done by the appellant while acting as executrix of the estate, and the fact that there was no confidential relationship between her and her grantors is not material since there was very plainly such a relationship between her and the estate. The allegations of the complaint were sufficient to allege the existence of an involuntary trust. (Civil Code, sec. 2224; *Burns* v. *Ross,* 190 Cal. 269 [212 Pac. 17].)

■ It is next contended that the evidence is not sufficient to establish a trust. Not only had the appellant formerly admitted that the deed was made to her individually by mistake and that she held title to the property in trust for the estate, but it was here stipulated that she had not

collected any part of the note and had not foreclosed the mortgage; that she received a deed from the owners of the property which they made in expectation that she would not collect from them for the estate, or at all, any part of the interest or principal due on the note and mortgage; that she did not inform this respondent or anyone interested in the estate that she had received such a deed; that the conveyance to her was made without consideration; that the owners of the property conveyed it to her with the expectation that the note and mortgage would be forthwith extinguished; and that at the time of her removal as executrix of the estate she accounted to the estate for rentals she had received from the property, and charged the estate with taxes she had paid thereon. Her sworn answer in the other action was introduced in evidence and much other evidence was received. The evidence justifies the inference that the appellant received the deed to the property well knowing the intention and expectation of the owners in conveying it to her. It clearly appears that she obtained this deed because she was executrix of this estate; that she would not have obtained it except for that fact; and that if she had not violated her trust the estate would have had the property The facts are squarely within the purview of section 2224 of the Civil Code, and the evidence amply supports the findings and judgment.

It is next urged that if a constructive trust arose it arose at the time the appellant received a conveyance of the property on October 31, 1932, that the statute of limitations had run, and that this action was barred by section 343 of the Code of Civil Procedure. The court found that from November, 1932, until her removal as executrix the appellant held possession of this property as such executrix and that some time after May 1, 1936, she wrongfully claimed the property as her own. This finding is sustained by the evidence. The appellant accounted to the estate for rentals received from the property and charged the estate with taxes paid thereon as late as April, 1936, and it clearly appears that her violation of her trust and the confidential relationship between her and the estate did not occur prior to that time. This action was begun less than four years later and was not barred by the section relied upon.

■■ It is next contended that by filing the action for damages the respondent elected his remedy and is now estopped from seeking equitable relief through an action to establish a trust. The appellant relies mainly upon *Martin Music Co.* v. *Robb,* 115 Cal. App. 414 [1 Pac. (2d) 1000]. It appears, however, that the defendant in that case had been prejudiced by the filing of a former action, and also that full and complete relief could have been obtained in the other action.

While it is a general rule that one may not pursue inconsistent remedies this is subject to a number of exceptions, of which two are particularly applicable here. One exception is where no prejudice to the rights of the defendant would result. (*Campanella* v. *Campanella,* 204 Cal. 515 [269 Pac. 433]; *Commercial Centre R. Co.* v. *Superior Court,* 7 Cal. (2d) 121 [59 Pac. (2d) 978, 107 A. L. R. 714].) In the last case cited, the court said: "The doctrine of election of remedies is but a specific application of the equitable doctrine of estoppel, and it has been frequently held that a change in remedies does not bring about an election of remedies unless the change involves a prejudice to the opposing party." In the instant case, the appellant lost nothing to which she was entitled through the filing of the action for damages. The judgment in that action was reversed because the action had been prematurely brought, and no prejudice appears. Another exception to the general rule is applied in those cases where it does not appear that the prior attempted remedy was, in fact, available to the party attempting to pursue it. (*Agar* v. *Winslow,* 123 Cal. 587 [56 Pac. 422, 69 Am. St. Rep. 84]; *Dickinson* v. *Electric Corp.,* 10 Cal. App. (2d) 207 [51 Pac. (2d) 205].) In the last of these cases, it was said: "It was an attempt to assert a right which did not exist; and one asserting such supposed right is not thereby estopped from later pursuing his rightful remedy." That the remedy which the respondent sought in the prior action for damages was not then available to him clearly appears in this court's decision in the appeal in that action.

■ The appellant further contends that the judgment is not supported by the findings. It is argued that the court failed to find as to the duration of the trust, as to the in-

terest of the beneficiary, and as to the duties of the trustee. The trust here in question arose by operation of law and no such findings were necessary. It is also argued that there was no finding that the property was procured through fraud, accident, mistake, undue influence or any other wrongful act coming within the provisions of section 2224 of the Civil Code. There were several findings of wrongful acts on the part of the appellant while she was acting as executrix of her husband's estate which necessarily lead to and support the implied finding that she secured a conveyance of the property in violation of her trust as such executrix. ■ It is also argued that the conclusions of law are inconsistent with the judgment since one conclusion was that the respondent, since May 8, 1936, had held the legal title to the property in trust for the respondent while the judgment contains the statement that the respondent had held the legal title in trust for the respondent since 1932. Not only is this inconsistency immaterial but this statement in the judgment is surplusage, is not essential to the judgment, and may be disregarded.

■ The appellant's final contention is that the respondent was barred by laches from prosecuting this action. It is argued that there was an agreement extending the due date of this note to September 17, 1932; that this agreement was held valid by the trial court in the prior damage action; that the note did not outlaw, therefore, until September 17, 1936; that the respondent administrator had nearly six months after he was appointed in which to file an action to foreclose the mortgage; that he failed to do this; and that he is therefore estopped to proceed against this appellant in this action. It may first be observed that any such finding in the damage action was wiped out by the reversal of the judgment in that case. The only adjudication as to the validity of that extension agreement now appearing is the decision in the foreclosure action in Los Angeles County holding that that agreement was void. However, it does appear from the record before us that the respondent administrator did file an action to foreclose the mortgage in Los Angeles County on September 16, 1936. This entire matter is not material here. The respondent proceeded shortly after his appointment as administrator in an endeavor to realize something from this asset of the estate. Without undue delay he has

filed three separate actions in which innumerable technicalities have been raised to prevent a recovery. We agree with the trial judge in his observation in this connection:

"The evidence here does not show laches on the part of plaintiff. Under the facts of this case it would be the greatest travesty of justice to so hold, and it would seem that to avail herself of an equitable defense defendant should be blameless. She certainly is in no position to take advantage of her own wrong by pleading such an equitable defense, even if it were available."

The judgment is affirmed.

Marks, J., and Mundo, J., *pro tem.*, concurred.