**Anthony G. NOTARAS, Appellant,**

v.

**F. C. RAMON and Jane Doe Ramon et al., Appellees.**

**No. 20442.**

United States Court of Appeals
Ninth Circuit.

Sept. 22, 1967.

Alan Froelich, Wright, Wendells, Froelich & Power, Seattle, Wash., for appellant.

A. L. Newbould, Charles R. Nelson, Seattle, Wash., for appellees.

Before BROWNING, DUNIWAY, and ELY, Circuit Judges.

PER CURIAM:

Appellant was arrested without a warrant by police officers with probable cause to believe he had committed grand larceny. He was held in the Seattle city jail, without charge, for approximately thirty-six hours, while a city detective conducted an investigation. The detective concluded that the evidence was insufficient to implicate appellant in the larceny. Appellant was charged with two misdemeanors (drunkenness and resisting arrest) factually unrelated to the larceny, and was released on his own recognizance. He was ultimately acquitted of the misdemeanor charges.

Appellant filed suit for damages under 42 U.S.C. § 1983 (1964) against the police officers involved, alleging that they had deprived him of rights secured by the Constitution. After trial to the court, the complaint was dismissed on the ground that detention of appellant from the time of his arrest until the filing of the misdemeanor charges was for a period no longer than reasonably necessary for a prompt and expeditious investigation of appellant's participation or lack of participation in the larceny.

Appellant contends that any detention by the police without charge and without possibility of bail while the courts are open is unlawful. Appellees assert that the police may detain a lawfully arrested person without bringing him before a magistrate for the period of time reasonably required to permit them to conduct an investigation to determine whether to file a formal charge. Compare, e. g., Memorandum on the Detention of Arrested Persons, Bill of Rights Committee of the American Bar Association (1944), reprinted Chafee, Documents on Fundamental Human Rights (Atheneum ed.

1963), Volume 2, page 183, with Barrett, Police Practices and the Law—From Arrest to Release or Charge, 50 Calif.L.Rev. 11 (1962).

We need not and do not decide this far-reaching issue.

Subsequent to the submission of this case on appeal the Supreme Court announced in Pierson v. Ray, 386 U.S. 547, 557, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967), that it is a defense to an action for damages against police officers under 42 U.S.C. § 1983 that the officers reasonably and in good faith believed that their conduct was lawful, even though it was not. In the present case the defense of good faith was tendered in the pretrial order. A determination that the officers acted in the reasonably held good-faith belief that their conduct was lawful is implicit in the district court's findings. It is amply supported by the evidence.

Affirmed.

ELY, Circuit Judge (concurring): I concur in the result.