Gilbert M. QUINNETTE, Plaintiff,

v.

Francis W. GARLAND, and Lumbermen's Mutual Casualty Company, Defendants.

Civ. A. No. 66–712.

United States District Court
C. D. California.

Dec. 27, 1967.

———◇———

Phill Silver, Hollywood, Cal., for plaintiff.

Wallbert & Glaser, Maurice H. Wallbert, Harold W. Kennedy, County Counsel, Robert C. Lynch, Asst. County Counsel, Los Angeles, Cal., for defendants.

## MEMORANDUM OF DECISION AND JUDGMENT

WILLIAM P. GRAY, District Judge.

The defendant Garland is a deputy sheriff of Los Angeles County. In the course of his official duties, he arrested the plaintiff at the latter's home pursuant to a warrant charging the offense of malicious mischief. The defendant took the plaintiff to jail, where he was booked and detained for two days and then was brought before a judge of the Municipal Court. The judge thereupon dis-

missed the case, as he certainly should have done, because the complaint and the warrant that formed the basis of the arrest and prosecution were more than twelve years old.

The plaintiff now brings this action charging that defendant Garland, under color of state law, subjected him, to the deprivation of his constitutional rights, within the meaning of 42 U.S.C. § 1983 (Revised Statutes, section 1979; 17 Stat. 13 (1871)).*

■ The complaint alleges that Garland was aware, prior to the arrest here concerned, that the plaintiff had been contemplating instituting a civil suit against certain United States customs agents and Los Angeles policemen because of an earlier and unrelated arrest to which he had been subjected. It is also alleged that Garland found and "dusted off" the twelve-year-old warrant and made the arrest pursuant to it for the purpose of harassing the plaintiff and intimidating him into desisting from his contemplated civil prosecution.

However, the evidence at the trial did not bear out the plaintiff's contention as to what motivated Garland in making the arrest. The facts that were established show that Garland was assigned to a sheriff substation, and one of his duties was to serve the warrants sent there by the main office. On the day concerned, he received the usual stack of about twelve warrants, one of which was directed against the plaintiff, of whom he had never heard. He noted that the warrant was dated in 1952, but concluded that it nonetheless was a valid warrant and that it was his duty to carry out its command. He accordingly went to the plaintiff's home and made the arrest. He used no excessive force, had no individual animosity toward the plaintiff, and, apart from the obsolete nature of

the warrant under which he acted, his conduct was appropriate in all respects.

The plaintiff contends that Garland's good faith is no defense, and urges instead that the warrant was not regular on its face and that the defendant therefore acted pursuant to it at his peril.

■ The defendant's first proposition in response is that the warrant *was* regular on its face, that it was the defendant's duty to obey it, and that he therefore is immune from civil liability in having done so. I am unable to accept this evaluation of the warrant or of the defendant's duty with respect to it. It seems to me that a warrant disclosing on its face that it is more than twelve years old and that it stems from a charge of a minor misdemeanor should not be served by a police officer.

The Constitution of California provides that "In criminal prosecutions, in any court whatever, the party accused shall have the right to a speedy and public trial * * *." (Article 1 § 13.) There is ample good reason for this. As the opinion of the California Supreme Court in Barker v. Municipal Court, 64 Cal.2d 806, 813, 51 Cal.Rptr. 921, 925, 415 P.2d 809, 813 (1966) stated,

"The guarantee of a speedy trial 'serves a three-fold purpose. It protects the accused * * * against prolonged imprisonment; it relieves him of the anxiety and public suspicion attendant upon an untried accusation of crime; and * * * it prevents him from being "exposed to the hazard of a trial, after so great a lapse of time" that "the means of proving his innocence may not be within his reach" —as, for instance, by the loss of witnesses or the dulling of memory.' People v. Prosser (1955) 309 N.Y. 353, 356, 130 N.E.2d 891, 893, 57 A.L.R.2d 295; * * *."

* The text of the statute is as follows:
 "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

The policy enunciated by the California Constitution is implemented by the Penal Code. In a misdemeanor, an indictment must be found or an information or complaint filed within one year after the offense (§ 801); the defendant must be taken before a magistrate not more than two days after his arrest, excluding Sundays and holidays (§ 825); and the case must be dismissed if not brought to trial within forty-five days following arraignment, unless further delay stems from the request or neglect of the defendant (§ 1382). Section 1050 states that "The welfare of the people of the State of California requires that all proceedings in criminal cases shall be set for trial and heard and determined at the earliest possible time, and it shall be the duty of all courts and judicial officers and of all prosecuting attorneys to expedite such proceedings to the greatest degree that is consistent with the ends of justice." The section provides further that continuances shall not be granted for any longer time than justice requires.

 It is quite evident from the foregoing that a twelve-year-old complaint for a misdemeanor could not properly form the basis for a prosecution. In Harris v. Municipal Court, 209 Cal. 55, 285 P. 699 (1930), a complaint charging a misdemeanor was filed and an arrest warrant issued on October 5, 1927. No further action was taken until May 1, 1929, on which date the warrant was served upon the person against whom it was directed (Harris). Harris thereupon sought and obtained from the California Supreme Court a peremptory writ to terminate the prosecution. The opinion stated that:

"It would be most unreasonable to hold that a delay of eighteen months in the trial of the action was not in violation of the constitutional right to a speedy trial when, as here, it is admitted that the petitioner was at all times available for the service of process and that the delay was not at all traceable to him." (Pages 62–63, 285 P. page 702.)

The opinion also emphasized that the reasonable time within which a defendant must be tried is not measured from the date of his arrest, but begins to run when the prosecution is first instituted by indictment or complaint, provided that the defendant has been at all times available for the service of process (page 64, 285 P. 699).

Inasmuch as prosecution for a misdemeanor cannot be maintained on the basis of an arrest made upon a warrant bearing a date that has passed many months ago, there can be no appropriate justification for serving it. This being so, it necessarily follows that such a warrant is not regular on its face and should not be executed, and that police officers should be so instructed for their future guidance.

The Los Angeles County Counsel, in his brief on behalf of defendant Garland, states that he has "* * * found no authority holding that a warrant regular on its face when issued ever loses its regularity by the passage of time." Very well, then; to whatever extent these comments constitute "authority", let this opinion be the first.

 However, it does not follow from the foregoing that the plaintiff may recover in this instance. The defendant also urges that, irrespective of what conclusion this court reaches as to the regularity of the warrant, the fact that he acted in good faith reliance upon its validity constitutes a defense, under authority of Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967), and Notaras v. Ramon, 383 F.2d 403 (9th Cir. September 22, 1967). It is my conclusion that the defendant is correct in this contention.

Section 262.1 of the California Code of Civil Procedure provides that "A sheriff * * * shall execute * * * all process and orders regular on their face and issued by competent authority, whatever may be the defect in the proceedings upon which they were issued." Thus, if the warrant here concerned was regular on its face, it was Garland's mandatory

duty to execute it; if it was not, it was his obligation not to disturb the plaintiff.

Garland testified that he had no knowledge of the fact that prosecution under a twelve-year-old complaint charging malicious mischief could not be sustained, and that he felt that the command of a warrant that he had just received in regular course from the sheriff's main office was binding upon him, no matter how long ago it may have been issued.

Here we have a deputy sheriff who was obliged to make, on the spot, a decision concerning an issue that the attorneys for the parties in this case have briefed and have argued at length and which has troubled this court. He resolved the dilemma that confronted him in good faith and according to his best knowledge. He must be protected in having done so.

In Pierson v. Ray, 386 U.S. 547, 555, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288, 295 (1967), Chief Justice Warren, in the course of the opinion of the Court, said:

> "A policeman's lot is not so unhappy that he must choose between being charged with dereliction of duty if he does not arrest when he has probable cause, and being mulcted in damages if he does. Although the matter is not entirely free from doubt, the same consideration would seem to require excusing him from liability for acting under a statute that he reasonably believed to be valid but that was later held unconstitutional on its face or as applied."

Likewise here, the same consideration would seem to require excusing a policeman from liability for acting pursuant to a warrant that he reasonably believed to be valid but that was later held to be ineffective because fatally obsolete.

In Notaras v. Ramon, 383 F.2d 403 (9th Cir. September 22, 1967), our Court of Appeals referred to the *Pierson* decision as having announced the rule " * * * that it is a defense to an action for damages against police officers under 42 U.S.C. § 1983 that the officers reasonably and in good faith believed that their conduct was lawful, even though it was not." The same rule covers this case, and judgment will be entered in favor of defendant Garland.

 The plaintiff also sues in this action Lumbermen's Mutual Casualty Company, the bonding company that deposited, as surety, two bonds covering Garland's faithful performance as a deputy sheriff. Inasmuch as the principal on the bonds here sued upon is exempt from civil liability, the surety may not be held. Reilly v. United States Fidelity & Guaranty Co., 15 F.2d 314 (9th Cir. 1926); Flickinger v. Swedlow Engineering Co., 45 Cal.2d 388, 289 P. 2d 214 (1955).

The Clerk is directed to enter judgment for both defendants.