**Harold LANGDON, Appellant,**

v.

**Richard D. JACKSON et al.,**
**Appellees.**

**No. 21926.**

United States Court of Appeals
Ninth Circuit.

Nov. 21, 1968.

Harold Almus Langdon, in pro. per.

Roger Arnebergh, City Atty., John A. Daly, Asst. City Atty., John T. Neville, Deputy City Atty., Los Angeles, Cal., for appellees.

Before JERTBERG and ELY, Circuit Judges, and TAYLOR,* District Judge.

* Honorable Fred M. Taylor, United States District Judge, Boise, Idaho, sitting by designation.

**PER CURIAM:**

Langdon is a California state prisoner. He sued certain police officers, the appellees, basing his action upon the provisions of the Civil Rights Act, 42 U.S.C. § 1983 et seq. The District Court granted the appellees' motions to dismiss the action, and Langdon appeals.

The motions to dismiss were based upon two specified grounds as follows: (1) That the complaint "[f]ails to state a claim upon which relief may be granted;" and (2) that the complaint "[s]hould be dismissed at this time for the reason that said suit can be brought in a more favorable atmosphere by the Plaintiff after he has been released from a State Prison." In support of the second ground, the appellees argued to the District Court:

> "The Plaintiff will not be denied his rights by a dismissal since the action can be brought upon Plaintiff's release from prison.

> 'Since California law, see Section 352, C.C.P., tolled the running of the Statute of Limitations during the term of imprisonment of the person in whom the cause of action resides, the action, surviving the term of imprisonment, can be brought in a more favorable atmosphere, namely, after the potential plaintiff has again become a member of free society.'

> Weller v. Dickson, 314 F.2d 598 at p. '601 (9th Cir.) [See also Shobe v. People of State of California, 362 F.2d 545, 546 (9th Cir.), cert. denied, 385 U.S. 887, 87 S.Ct. 185, 17 L.Ed.2d 115 (1966); Williams v. Field, 394 F.2d 329 (9th Cir. 1968)].

> "The Federal Courts have dismissed actions such as this on prior occasions where the Plaintiff is in a State Prison. The theory underlying such dismissals is that the Plaintiff's rights are not prejudiced in view of Section 352, Code of Civil Procedure, and that a better atmosphere exists after the Plaintiff is released from prison.

> "Under the circumstances of the instant case it is apparent that the action should be tried, if at all, after Plaintiff has served his sentence and that this action should be dismissed." (Additional citations added.)

The District Court's order of dismissal recites the appellees' claim that "the Federal Court should refrain from taking jurisdiction at this time for the reason that said suit can be brought in a more favorable atmosphere by the Plaintiff after he has again become a member of free society."

In our court, the appellees do not undertake to sustain the District Court's order upon the ground that the complaint did not contain an adequate statement of Langdon's claim. They apparently recognize, as do we, that such a contention would have no merit. They also abandon the second ground upon which they relied in the court below. They reverse their position and urge affirmance upon the sole contention that Langdon's suit is barred by the applicable California statute of limitations. See Cal.Code Civ.Proc. § 338 (West Supp.1957). They argue that Langdon is serving a sentence of life imprisonment "without possibility of parole" and that, hence, the three-year limitations period has not been tolled during Langdon's period of confinement. This argument rests upon a section of California's Code of Civil Procedure which provides in pertinent part:

> "If a person entitled to bring an action, * * * be, at the time the cause of action accrued, * * *

> 3. Imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term *less than for life;* * * * the time of such disability is not a part of the time limited for the commencement of the action."

Cal.Code Civ.Proc. § 352 (West Supp. 1959) (Emphasis added.) Langdon's suit was instituted more than three years after the alleged wrongs giving rise to the action. This being true, the appellees have presented in our court, for the first time, a serious question.

The District Court has had no opportunity to consider this question. The appellees did not plead the defense of lapse of time in the court below, and such defense must ordinarily be specifically pleaded under California law. See Berendsen v. McIver, 126 Cal.App. 2d 347, 272 P.2d 76 (Dist.Ct.App.1954) (must be raised by answer or demurrer not by a motion to dismiss). See also Everts v. Blaschko, 17 Cal.App.2d 188, 61 P.2d 776 (Dist.Ct.App.1936); Hart v. Slayman, 30 Cal.App.2d 556, 86 P.2d 861 (Dist.Ct.App.1934). Not only was the defense not urged, the argument to the District Court was to the effect that Langdon would have every opportunity to prosecute his action upon his release from prison.

Even when a statute of limitations is applicable, the California courts have held that a defendant may waive the defense or that he may be estopped to assert it. See United States Cas. Co. v. Industrial Acc. Comm'n, 122 Cal.App. 2d 427, 265 P.2d 35 (Dist.Ct.App.1954); Industrial Indem. Co. v. Industrial Acc. Comm'n, 115 Cal.App.2d 684, 252 P.2d 649 (Dist.Ct.App.1953); Pashley v. Pacific Elec. R. Co., 25 Cal.2d 226, 153 P.2d 325 (1944); Adams v. California Mut. Bldg. & Loan Ass'n, 18 Cal.2d 487, 116 P.2d 75 (1941); Prussing v. Prussing, 35 Cal.App.2d 508, 96 P.2d 128 (Dist.Ct.App.1939); Hart v. Slayman, 30 Cal.App.2d 556, 86 P.2d 861 (Dist.Ct. App.1934). The question as to whether or not there has been waiver or estoppel may necessarily involve the consideration of different circumstances and the resolution of disputed issues of fact.

From the foregoing considerations we conclude that we cannot sustain the order of dismissal. Langdon should not be deprived of his rights by the application of a statute which has not been interpreted by the District Court in the light of facts which may be peculiar to Langdon's case and upon the basis of an argument here which is directly opposite to that which Langdon was required to meet in the court below.

Reversed and remanded.