**Irving Eugene NEY, Appellant,**

v.

**STATE OF CALIFORNIA, Lawrence F. Pickett, Keith C. Sorenson, et al., Appellees.**

**No. 26516.**

United States Court of Appeals, Ninth Circuit.

March 25, 1971.

Rehearings Denied April 20, 1971.

Kilkenny, Circuit Judge, dissented and would affirm judgment of lower court.

Irving Eugene Ney, in pro. per.

Michael J. Brady, of Ropers, Majeski, Kohn, Bentley & Wagner, Redwood City, Cal., Donald W. Malouf, of Sedgwick, Detert, Moran & Arnold, San Francisco, Cal., for appellees.

Before HAMLEY, DUNIWAY and KILKENNY, Circuit Judges.

DUNIWAY, Circuit Judge:

Ney is a prisoner of the State of California, having been convicted of mayhem (Cal.Pen.C. § 203) and assault with a deadly weapon (*id.*, § 245). The offenses occurred on June 28, 1964; judgment of conviction was entered on November 6, 1964. The facts are stated in the opinion of the California District Court of Appeal, affirming the conviction. People v. Ney, 1965, 238 Cal.App. 2d 785, 48 Cal.Rptr. 265.

On February 26, 1969, Ney filed this action in the United States District Court. He attempts to state claims under the Civil Rights Act, 28 U.S.C. § 1343; 42 U.S.C. § 1983 *ff*. Named defendants are the State of California, Keith C. Sorenson, District Attorney of San Mateo County, and Lawrence F. Pickett, Chief of Police of the City of Millbrae, California, where the offense occurred. No others are named in the caption of the complaint or Amendment filed by Ney. Rule 10(a), F.R.Civ.P. The District Court entered separate judgments dismissing the action as against each defendant; together, they dispose of the entire action (*cf.* Rule 54(b) F.R.Civ.P.), and we have jurisdiction under 28 U.S.C. § 1291.

The judgment rests on a determination, as to all defendants, that the complaint does not state a claim upon which relief can be granted. As to Pickett, there are additional grounds stated: that the claim is barred by the California Tort Claims Act (Cal.Govt.Code §§ 825, 911.2, 950.2); that Ney's prior conviction "acts as *res judicata* to the complaint"; that Ney's complaint is analogous to a cause of action for malicious prosecution and is barred because of his conviction.

In substance, Ney alleges that after he had been charged, and a warrant had been issued for his arrest, he surrendered to Chief Pickett on advice of his retained counsel on June 29, 1964; that his counsel told the Chief that counsel would give Ney instructions not to make any statement; that Pickett nevertheless proceeded to question him, without advising him of his rights, disregarding his request to consult counsel, and, by asserting a desire to be "helpful," obtained damaging admissions. Ney also claims that he did not confess, but that Pickett altered the electronic tapes of the interrogation to make it appear that he had incriminated himself. The use that was made of the interrogation at Ney's trial appears in the opinion of the District Court of Appeal.

As to the District Attorney Sorenson, the only facts alleged (there is much conclusionary language) are that he (or actually his deputy) knowingly used the altered tapes at Ney's preliminary hearing on July 7, 1964, and at his trial on October 27, 1964.

■ As to the State of California, the judgment is obviously correct. Bennett v. California, 9 Cir., 1969, 406 F.2d 36, 39. A civil rights action cannot be used as substitute for habeas corpus. Smartt v. Avery, 6 Cir., 1969, 411 F.2d 408. We have heretofore affirmed, without prejudice, denial of a writ of habeas corpus sought by Ney. Ney v. Oberhauser, 9 Cir., 1969, 419 F.2d 828.

■ As to District Attorney Sorenson, the judgment is also correct. As-suming, without deciding, that he would be liable for the acts of his deputy, what he or his deputy is alleged to have done was done in the course of his prosecuting function. In carrying out that function, he is immune. Clark v. Washington, 9 Cir., 1966, 366 F.2d 678, 679, 681, and cases there cited.

■ As to Chief Pickett, the case is different. First, he is not immune; he was carrying out investigative duties. Dodd v. Spokane County, 9 Cir., 1968, 393 F.2d 330, 335. He may well have valid defenses, including those mentioned in *Dodd, supra,* and in Pierson v. Ray, 1967, 386 U.S. 547, 555–557, 87 S. Ct. 1213, 18 L.Ed.2d 288, and Notaras v. Ramon, 9 Cir., 1967, 383 F.2d 403. But whether such defenses exist cannot be determined from the face of the complaint.

■ Second, the action is not barred by the statute of limitations. The California Tort Claims Act does not apply. Donovan v. Reinbold, 9 Cir., 1970, 433 F.2d 738, 741–742; Willis v. Reddin, 9 Cir., 1969, 418 F.2d 702, 704; *cf.* Smith v. Cremins, 9 Cir., 1962, 308 F.2d 187, 189–190. As we held in the foregoing cases, the applicable statute is Cal.Code Civ.P. § 338, ¶1, a three year limitation. The present action was filed more than four years after the events of which Ney complains and is prima facie barred. However, it also appears that Ney has been imprisoned ever since he was convicted. During that period, the running of the statute was tolled under Cal.Code Civ.P. § 352, ¶3. Langdon v. Jackson, 9 Cir., 1968, 404 F.2d 319; Shobe v. California, 9 Cir., 1966, 362 F. 2d 545; Weller v. Dickson, 9 Cir., 1963, 314 F.2d 598, 601.

■ Third, Ney does allege an infringement, by Pickett, of his constitutional right to counsel. Escobedo v. Illinois, 1964, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977. *Escobedo* was decided June 22, 1964. Ney was interrogated by Pickett on June 29 and 30, 1964. The *Escobedo* decision is clearly applicable here. Johnson v. New Jersey, 1966, 384

**1288**

U.S. 719–722, 86 S.Ct. 1772, 16 L.Ed.2d 882. It is true that in *Escobedo* the Court was concerned with the admissibility of evidence, not with a cause of action for damages under the Civil Rights Act. But the decision turned upon the Court's holding that Escobedo's constitutional rights had been violated. That is also the question here. See Lewis v. Brautigam, 5 Cir., 1955, 227 F. 2d 124.

◼ Fourth, the judgment of conviction is not *res judicata*, and is not a bar to this action. As appears from the opinion of the District Court of Appeal, Ney's claim that the interrogation violated his constitutional rights was not decided. The evidence was excluded by agreement between the prosecutor, Ney's counsel, and the court. If this be a decision at all, it is a decision in Ney's favor, not against him. Moreover, if a successful state prosecution, based upon the use of information obtained by violating the defendant's constitutional rights, could bar a civil rights action against the police for violating his rights, either by analogy to the law of malicious prosecution or on theories of *res judicata* or estoppel by judgment, the Civil Rights Act would, in many cases, be a dead letter. The rule used to be that evidence obtained in violation of constitutional rights was ·admissible; that the proper remedies were prosecution of the offending officials or an action for damages by the injured citizen. ·The Civil Rights Act long antedates the exclusionary rule; the creation of that rule by the Supreme Court, first for the federal courts and later for the state courts, was not designed to, and did not, limit the remedies created by the Congress when it enacted the Civil Rights Act.

◼ Fifth: The denial by the Supreme Court of a petition for a *writ of certiorari*, directed to an order of this court denying leave to proceed on appeal in this case in *forma pauperis*, is not here *res judicata*. We did not deny leave to proceed in the ordinary way. It is true that our order recites that the petition

was "legally frivolous" because of the then pendency of Ney's petition for habeas corpus.· But our subsequent denial of that petition was not on the merits; it was based on failure to exhaust state remedies, a ground not available in most civil rights cases. Moreover, we did not dismiss this appeal, but allowed it to proceed, thus affording Ney an opportunity, if he could, to show that the appeal is meritorious. As to Pickett, he has done so.

The judgments in favor of the State of California and of appellee Sorenson are affirmed. The judgment in favor of appellee Pickett is reversed, and the matter is remanded for further proceedings consistent with this opinion.

KILKENNY, Circuit Judge (dissenting).

I would affirm the judgment of the lower court.