**BLUE v. HIATT, Warden, United States Penitentiary, Lewisburg, Pa.**

No. 174.

District Court, M. D. Pennsylvania.

April 14, 1944.

Petitioner pro se.

Herman Reich, Asst. U. S. Dist. Atty., of Lewisburg, Pa., for the United States.

JOHNSON, District Judge.

Petitioner, Harry Rex Blue, has presented to this court his petition for a writ of habeas corpus directed against William H. Hiatt, Warden, United States Penitentiary, Lewisburg, Pennsylvania, respondent, with a request that the same be filed in forma pauperis.

The petitioner states that he is a citizen of the Dominion of Canada and alleges that he therefore "would not come under the Selective Service Act." It must be assumed therefore that the basis of his petition is a sentence which he is now serving for violation of the Selective Training and Service Act, 50 U.S.C.A.Appendix, § 301 et seq.

In the instant case, the petitioner states that he is a citizen of Canada. Consequently, he cannot proceed in forma pauperis. De Maurez v. Swope, Warden, 9 Cir., 100 F.2d 530; Johnson v. Nickozoff et al., 9 Cir., 52 F.2d 1074.

There is, in any event, no merit in the petitioner's contention. "Petitioner further contends that on or about December 15, 1942, the petitioner registered as an alien under the Alien Registration Act, [54 Stat. 670], at Detroit, Michigan, and petitioner contends that as an alien, his trial was illegal in lieu of the fact that aliens are not forced to swear allegiance to any other government, state, territory, other than his own, and therefore would not come under the Selective Service Act."

If the petitioner refers to a conviction for having failed to register under the Selective Training and Service Act, the law is clear that such an alien must register. 50 U.S.C.A.Appendix, § 302. If, on the other hand, his contention is that the Draft Board erred subsequent to his registration, this also cannot be a basis of a habeas corpus proceeding in connection with a conviction on a criminal charge under the Selective Training and Service Act. Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346. In addition to the fact that an alien cannot proceed in forma pauperis, the petition on its face shows that it is without merit and it is fundamental that a petition for leave to prosecute an action in forma pauperis should be granted only where petition on its face shows some merit. Fisher v. Cushman, 9 Cir., 99 F.2d 918.

Now this 14th day of April, 1944, leave to proceed in forma pauperis is denied, and the petition is dismissed.