**UNITED STATES of America ex rel. Richard W. MONK, Jr., Appellant,**

v.

**James F. MARONEY, Superintendent, State Correctional Institution, Pittsburgh, Pennsylvania.**

**No. 16117.**

United States Court of Appeals
Third Circuit.

Submitted Dec. 9, 1966.

Decided April 19, 1967.

Richard W. Monk, Jr., pro se.

Edwin J. Martin, Robert W. Duggan, Dist. Atty., Pittsburgh, Pa., for appellee.

Before STALEY, Chief Judge, and McLAUGHLIN and FORMAN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

This is an appeal from the denial of a petition for a writ of habeas corpus. Appellant contends that his confinement is unconstitutional by reason of the aggregation of the minimum and maximum sentences as required by § 897 of 19 Purdon's Pa.Stat.Ann.[1] The purpose of that section was to eliminate the requirement that a prisoner serving consecutive sentences apply for a "constructive parole" before beginning to serve his next consecutive sentence. See Commonwealth ex rel. Lycett v. Ashe, 145 Pa. Super. 26, 20 A.2d 881 (1941).

Construing the Act with that legislative purpose in mind, we can discern no issue of constitutional dimension which is essential to Federal habeas corpus relief.

The judgment of the district court will be affirmed.

1. "§ 897. Consecutive sentences, computation of

"Whenever, after the effective date of this act, two or more sentences to run consecutively are imposed by any court of this Commonwealth upon any person convicted of a crime therein, there shall be deemed to be imposed upon such person a sentence the minimum of which shall be the total of the minimum limits of the several sentences so imposed, and the maximum of which shall be the total of the maximum limits of such sentences."