**Amos BLACK, Plaintiff,**

v.

**Arthur STANLEY, Jr., (individually and as District Court Judge, District of Kansas), Benjamin Franklin (individually and as Assistant U. S. Attorney, District of Kansas), Judge Templar, District of Kansas, Judge Wesley Brown, District of Kansas, J. T. Willingham, Warden, Respondents.**

**Civ. A. No. L-129.**

United States District Court
D. Kansas.

May 16, 1967.

**MEMORANDUM AND ORDER**

THEIS, District Judge.

There has been lodged with the Clerk of this Court an unnamed pleading referred to by the pleader as an "application and a motion," but which shall be considered as a complaint, in which the plaintiff seeks damages against the respondents, Judges Stanley, Brown and Templar, all Federal District Judges for the District of Kansas; the defendant Franklin, an Assistant U. S. Attorney for the District of Kansas; and the defendant Willingham, Warden of the Federal Penitentiary at Leavenworth. The pleading purports to be brought under Sections of the Civil Rights Act, being 28 U.S.C.A. § 1343, granting jurisdiction,

and 42 U.S.C.A. § 1983, providing a cause of action.

A review of the pleading illustrates the pleader is having some difficulty in stating the nature of his cause of action. In many respects, in his claim that he is being held in bondage in violation of his full "constitutional guaranteed rights," it might appear that the pleading was an application for a writ of habeas corpus. However, in view of what will be said later, it will not be treated as such, for the reason that the facts related to habeas corpus have been decided again and again by the Court in this District. Therefore, the pleading will be considered as what it purports to be on its face—a claim for damages.

A review of the history of the petitioner's cases, all involving the same or a variation of the same original factual situation, reveals that following a jury trial in the United States District Court, Southern District of California, Central Division, being Case No. 26039, in which trial he was found guilty on charges of violating federal narcotics laws and aggregate sentences of thirty years thereafter imposed upon him, from which judgment and conviction he did not appeal, he sought to attack the validity of the judgment and the sentence imposed upon him in a 2255 proceeding, instituted in the Court which had sentenced him. His motion to vacate was denied and thereafter an appeal was taken to the Ninth Circuit Court of Appeals, which sustained the Trial Court's denial of the motion to vacate. See Black v. United States, 9 Cir., 269 F.2d 38.

Thereafter, the records of this Court reveal that on July 13, 1961, in a case entitled Amos Black, Petitioner, v. United States of America, Respondent, being Case No. 2325–HC, the petitioner filed a petition for a writ of habeas corpus, setting forth again most of the contentions he had previously raised in his 2255 motion before the California court. After a full hearing before Judge Walter A. Huxman, the Government's motion to dismiss was granted. The petitioner then appealed to the Court of Appeals of the Tenth Circuit, 301 F.2d 418, which court affirmed the decision of Judge Huxman.

The next attempt of this petitioner to have a replay of his California trial, came about on March 26, 1963, when the petitioner filed another petition asking for a writ of habeas corpus in a case entitled Amos Black v. J. C. Taylor, Warden or the United States Penitentiary, being Case No. 3448–HC, which came before Judge Stanley at Kansas City. In this matter, after issuing an order to show cause, and a full evidentiary hearing, Judge Stanley entered an order denying the request for a writ, and finding that the petitioner was a lawful prisoner under the California proceeding, and lawfully in the custody of J. C. Taylor, Warden of the United States Penitentiary.

The next episode, on essentially the same factual basis, came about on July 16, 1965, when the petitioner again filed a petition for a writ of habeas corpus in the case of Amos Black v. J. T. Willingham, Warden of the United States Penitentiary, being Case No. 3884–HC, which came before Judge Brown. In this case, the petitioner set forth most of the contentions which he had previously raised in his 2255 motion before the California court, and in the previous applications for issuance of a writ before Judge Huxman and Judge Stanley. On August 12, 1965, Judge Brown, of this Court, entered an order dismissing a petition in that case. From that decision the petitioner took an appeal to the Tenth Circuit Court of Appeals, which Court affirmed the decision of Judge Brown on January 12, 1966.

The next chapter occurred on March 4, 1966, in a case designated as Black v. J. T. Willingham, Warden of the United States Penitentiary, being Case No. 3997–HC, wherein the petitioner lodged with the Clerk of this Court a pleading which he had designated as a "Petition" and also a "Motion Under Title 18 U.S. C.A., Sections 241–242 of the Civil Rights Statute." In that action the petitioner undertook to file what he designated a

criminal action against twenty-five John Doe defendants and the Warden of the U. S. Penitentiary, J. T. Willingham.

Again, Judge Templar, in an order dismissing the petition on March 4, 1966, went thoroughly into the factual background of this matter and made the following statement in his order dismissing the petition:

"There is no merit to the statements and allegations set forth in the present petition now lodged with this Court, and assuming the truth of the allegations of fact set forth therein, it appears that the petitioner is not entitled to a writ of habeas corpus nor for an order to show cause why a writ should not be granted, nor should he be entitled to file a complaint under the Civil Rights Statute, since the allegations of his petition do not support any charge under that provision of the statute."

Again, the petitioner appealed to the Tenth Circuit Court of Appeals from the decision of Judge Templar, which judgment was affirmed by an order of the Circuit Court dated August 11, 1966.

In all of these cases and appeals, the said Amos Black was allowed to proceed in forma pauperis, without prepayment of fees and costs.

There is now before the Court, as previously indicated, the present action, designated as a civil action, by Amos Black v. Judges Stanley, Brown and Templar, and Benjamin Franklin, an Assistant U. S. Attorney for the District of Kansas, and J. T. Willingham, Warden of the United States Penitentiary at Leavenworth, in which the plaintiff, in essence, rehashes the allegations of his previous actions, attempts to show that the statements and findings of the Judges of this Court and their previous orders were false and conspiratorial, as were certain ministerial duties of the other defendants in their official capacities, and in which he alleges that they are liable to him in the astronomical sum of $10,000,000.00.

■ Turning to the applicable law in this matter, the claimed liability of the defendant judges, spurious in fact, cannot be sustained under the unequivocal mandate just recently and wisely laid down by the United States Supreme Court. The Supreme Court laid to rest such claims as this in its just-published decision in Pierson v. Ray, 87 S.Ct. 1213, 18 L.Ed.2d 288, handed down on April 11, 1967 (no citation presently available). In that case the prior conviction of a number of ministers for violating a section of Mississippi state laws against congregating in a public place and refusing to move on when ordered to do so by a police officer, was set aside as unconstitutional. The defendant ministers were testing admission to segregated facilities in the bus terminal at Jackson, Mississippi. Thereafter, the former defendants sued the police officers who had arrested them and the judge who tried the case in which their unconstitutional conviction occurred. The United States Supreme Court, in holding the trial judge immune from liability for damages, said:

"Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine, in Bradley v. Fisher, 13 Wall. (80 U.S.) 355, 20 L.Ed. 646 (1871). *This immunity applies even when the judge is accused of acting maliciously and corruptly, and it 'is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence, and without fear of consequences.'* (Scott v. Stansfield, L.R. 3 Ex. 220, 223 (1868); quoted in Bradley v. Fisher, supra, at 349). It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsat-

isfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making but to intimidation.

*"We do not believe that this settled principle of law was abolished by § 1983, which makes liable 'any person' who under color of law deprives another person of his civil rights."* (Emphasis added)

■■ The claimed liability under the Civil Rights Acts, including 42 U.S.C.A. Sec. 1983, and 28 U.S.C.A. Sec. 1343, of the defendant J. T. Willingham, as Warden of the U. S. Penitentiary at Leavenworth, and of the defendant Franklin, as an Assistant U. S. Attorney, likewise is spurious and must be denied under the authority of Francis v. Lyman, 216 F.2d 583 (1 Cir., 1954); Hoffman v. Halden, 268 F.2d 280 (9 Cir. 1959). It is well-recognized law that the prosecuting attorney and his assistant attorneys acting under his direction, are judicial, or quasi-judicial officers, and when performing official duties enjoy the same immunity from damages that protects a judge who acts within his jurisdiction over parties and litigation. See Kostal v. Stoner, 292 F.2d 492 (10 Cir., 1961); Sires v. Cole, 320 F.2d 877 (9 Cir., 1963); both involving cases brought under the same sections of the Civil Rights Act as the case here under consideration.

In the late case of Delaney v. Shobe, D.C., 235 F.Supp. 662 (1964), where Judge East, of the United States District Court for the District of Oregon, in a well-reasoned opinion, held in an action in forma pauperis for damages for deprivation of rights, privileges and immunity secured by the Constitution of the United States, that even if a state court conviction and sentence of imprisonment due and regular upon its face were involved under federal claims, the warden who had custody of the prisoner pursuant to judgment, the governor who permitted the imprisonment to continue, and the sheriff who had custody of the prisoner pursuant to the judgment as sheriff or designee of the warden, were not liable to the prisoner for damages.

It is ordered, in light of what has been said, that leave for the plaintiff to proceed without prepayment of fees is granted, and the Clerk shall file the complaint currently lodged.

It is further ordered that the complaint so filed be and it is hereby dismissed as frivolous and for failure to state any cause of action. The Clerk shall enter judgment accordingly.