John J. AMBREK

v.

Ward CLARK, Edward G. Beister, Jr., John D. Case and Sheriff's Department of Bucks County.

John J. AMBREK

v.

Charles KNABB, Paul Gernert, Gladys McComstock and Officials of the Pennsylvania State Board of Parole.

Civ. A. Nos. 68–1474, 44391.

United States District Court
E. D. Pennsylvania.

July 18, 1968.

## OPINION

JOHN MORGAN DAVIS, District Judge.

Both actions involve civil rights complaints against various State and County officials, and are being prosecuted under the Civil Rights Acts, 42 U.S.C. §§ 1981, 1983, 1985.

█ At the outset, we note that 42 U.S.C. § 1981 is clearly inapplicable, since there has been no allegation in either complaint, of any racial discrimination being practiced by the defendants, against the plaintiff.[1] Snowden v. Hughes, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497 (1944); Agnew v. City of Compton, 239 F.2d 226 (9th Cir. 1957).

Consideration in both actions will accordingly be restricted to the application of 42 U.S.C. § 1983 and 1985 to the allegations recited in the complaints.

█ In No. 68–1474, the plaintiff is proceeding *in forma pauperis*, and has filed an appropriate petition to so proceed, as required by 28 U.S.C. § 1915 (a). Consequently, an initial determination is required, as to whether the action is in any way meritorious. Blue v. Hiatt, 55 F.Supp. 107 (M.D.Pa. 1944). If the complaint is completely devoid of merit, the petition to proceed *in forma pauperis* cannot be favorably considered. Pugliano v. Staziak, 231 F. Supp. 347 (W.D.Pa.1964) aff'd, 345 F. 2d 797 (3rd Cir. 1965); Woodruff v. City and County of Philadelphia, 38 F.R.D. 468 (E.D.Pa.1965).

### A.

In this complaint (No. 68–1474), the plaintiff first alleges that the defendant Beister did not inform him (plaintiff) of his rights, and that anything he said would be used against him.[2]

█ While this may have been the case, (assuming, but not deciding) it does not set forth a cause of action under the aforementioned Civil Rights Acts. The requirement for preliminarily "warning" an accused was set forth in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The sole import for failure to so warn is to preclude the admissibility in a subsequent criminal proceeding of evidence and statements obtained from the accused:

> But unless and until such warnings * * * are demonstrated by the prosecution at trial, no evidence obtained as a result of interrogation can be used against him.

Miranda v. Arizona, supra, at 479, 86 S.Ct. at 1630.

█ Consequently, unless evidence so obtained were used against the plaintiff in a criminal proceeding, there has been no deprivation of any rights, privileges or immunities secured by the Constitution or laws of the United States, which is a requisite for stating a cause of action under the Civil Rights Acts. Basista v. Weir, 340 F.2d 74 (3rd Cir. 1965). But the mere failure to warn, as alleged in the complaint, does not create a cause of action.

### B.

█ It is further alleged that as a result of an "illegal commitment", John D. Case, Warden, Bucks County Prison, should be held liable. It is clear, however, that a warden is not liable for merely asserting custody over a prisoner, if accomplished pursuant to an order of a court or other competent authority. Delaney v. Shobe, 235 F.Supp. 662 (D. Or.1964). In the instant case, there is no allegation that the warden was not

---

1. 42 U.S.C. § 1981 states, in relevant part:

 All persons shall have the same right[s] * * * as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

2. Paragraph 1 of the complaint is disregarded for the purpose of examining the merits of the petition to proceed *in forma pauperis*, since it merely contains a broad and conclusory statement that certain officials conspired to deny the petitioner, his rights. See Negrich v. Hohn, 379 F.2d 213 (3rd Cir. 1967).

proceeding under a valid commitment order.

▆ Similarly, the bare allegation that Sheriff Jones and his three deputies should be held liable for "illegally conveying" the plaintiff to prison, is equally without any merit. See Rhodes v. Houston, 202 F.Supp. 624 (D.Neb. 1962) aff'd, 309 F.2d 959 (8th Cir. 1962); Williams v. Craven, 273 F.Supp. 649 (C.D.Calif.1967); Black v. Stanley, 270 F.Supp. 993 (D.Kansas 1967); Haigh v. Snidow, 231 F.Supp. 324 (S. D.Calif.1964); Quinnette v. Garland, 277 F.Supp. 999 (C.D.Calif.1967).

### C.

▆ Finally, it is asserted that Ward Clark failed to do his duty as District Attorney, Bucks County. Suffice to say that Attorney Clark is immune from civil liability, while performing in the capacity of prosecutor. Bauers v. Heisel, 361 F.2d 581 (3rd Cir. 1966). This same immunity defense is, of course, available to the Honorable Lawrence Monroe, Judge of the Court of Common Pleas, Bucks County, who is the alleged co-conspirator of Attorney Clark (although Judge Monroe was not named in the case caption).

For the reasons stated above, we conclude that the cause of action in No. 68–1474 is completely devoid of merit, requiring that the petition to proceed *in forma pauperis*, 28 U.S.C. § 1915, be denied.

### II.

Unlike the above action, No. 44391 was commenced by filing the requisite $15.-00 fee, although the plaintiff has heretofore proceeded *pro se*.

The defendants have filed a motion for summary judgment, including affidavits in accordance with Rule 56, which is presently before the Court. The plaintiff has filed an affidavit in rebuttal.

In this complaint the plaintiff raises three allegations of unconstitutional conduct by the Pennsylvania Board of Parole and its officials. First, it is alleged that the Board is requiring him to serve a sentence in a manner inconsistent with the desires of the Court. Secondly, the plaintiff is asserting that the seven sentences consecutively imposed by the Court of Quarter Sessions of Schuylkill County were illegally aggregated in order to meet the two year minimum sentence requirement for Parole Board jurisdiction. Finally, the plaintiff alleges that he was not afforded a hearing by the Board subsequent to his recommittment as a technical parole violator.

Under Rule 56(e),

When a motion for summary judgment is made and supported [with affidavits] as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth facts showing that there is a genuine issue for trial.

▆ Accordingly, in deciding this motion, a determination must be made whether there exists a genuine issue as to any material fact which would tend to show that the defendants acted under color of state law, which resulted in the deprivation of the plaintiff's rights under the constitution or laws of the United States. United States v. Classic, 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1368 (1940); Thomas v. Chamberlin, 236 F.2d 417 (6th Cir. 1956). The "color of state law" requirement would, of course, include regulations of the Parole Board, setting forth conduct deemed violative of the parole agreement. Henig v. Odorioso, 385 F.2d 491 (3rd Cir. 1967).

▆ Once a motion to dismiss is filed and adequately substantiated with appropriate documents, the non-moving party must respond with specific factual averments in order to defeat the motion. United States ex rel. Hoge v. Bolsinger, 211 F.Supp. 199 (W.D.Pa.

1962) aff'd, 311 F.2d 215 (3rd Cir. 1962). While we are cognizant of the well founded policy of this Circuit that civil rights complaints should be liberally construed (especially when filed *pro se*, by laymen), Picking v. Penna. R. R. Co., 3 Cir., 151 F.2d 240 (1945), we must conclude that the defendants have sustained their burden of demonstrating that there is no genuine issue of fact. Fairbanks Morse & Co. v. Consolidated Fisheries Co., 190 F.2d 817, 824 (3rd Cir. 1951).

## A.

In response to the plaintiff's first allegation—that the Board improperly implemented the sentence as imposed by the Court—the defendants have submitted a formidable array of affidavits, including certified copies of all the court dockets, setting forth the sentences as imposed.

Our analysis does not indicate the existence of any constitutional error, in the implementation of the sentences, by the Parole Board.[3]

Once the plaintiff was recommitted as a parole violator, the Pennsylvania Parole Act, 61 P.S.Pa. § 331.-21a(b) required that he serve the time remaining on the sentence from which he was paroled:

Any parolee under the jurisdiction of the Pennsylvania Board of Parole released from any penal institution in the Commonwealth who, during the period of parole, violates the terms and conditions of his parole, * * * may be recommitted after hearing before the board. If he is so recommitted, he shall be given credit for the time served on parole in good standing but with no credit for delinquent time, and may be reentered to serve the remainder of his original sentence or sentences.

An analysis of the method of calculation utilized by the Parole Board in administering the plaintiff's numerous sentences, in the light of the statute cited above, reveals the absence of any conspiracy or other action designed to deprive the plaintiff of any rights. See United States ex rel Heacock v. Myers, 251 F.Supp. 773 (E.D.Pa.1966) aff'd, 367 F.2d 583 (3rd Cir. 1967); United States ex. rel. Kloiber v. Myers, 237 F. Supp. 682 (E.D.Pa.1965); United States ex rel. Horne v. Penna. Board of Parole, 234 F.Supp. 368 (E.D.Pa.1964); Forward v. Gernert and Penna. Board of Parole, 287 F.Supp., 680, Memorandum and Order by Body, J., May 8, 1968.

## B.

It is further alleged that the Parole Board illegally added the seven sentences received in Schuylkill County for

3. The following compilation indicates that the Parole Board was confronted with no easy task, in the execution of the plaintiff's sentences:

| Date | Disposition | Location |
|------|-------------|----------|
| 2/6/61 | 3½ to 7 yrs. imprisonment | Schuylkill County. |
| 7/7/61 | 6 mo. to 4½ yrs. imprisonment | Bucks County. |
| 1/4/62 | 6 mo. to 3 yrs. imprisonment | Berks County. |
| 1/8/62 | 11 mo. to 23 months imprisonment | Dauphin County. |
| 6/23/64 | Parole | Schuylkill County. |
| 6/23/64 | Commenced serving sentence | Bucks County. |
| 12/23/64 | Parole | Bucks County. |
| 12/23/64 | Commenced serving sentence | Berks County. |
| 5/7/65 | Parole | Berks County. |
| 5/7/65 | Commenced serving sentence | Dauphin County. |
| 12/7/65 | Parole | Dauphin County. |
| 1/10/66 | 35 days to 1 year imprisonment | Lehigh County. |
| 2/1/66 | Parole | Lehigh County. |
| 12/30/66 | Recommitted, technical parole violation. | Bucks County. |

which consecutive terms of imprisonment were imposed, in order for the Parole Board to obtain jurisdiction over the plaintiff.

61. P.S. Pa. § 331.17 states that:

The powers and duties herein conferred [upon the Parole Board] shall not extend to persons sentenced for a maximum period of less than two years.

In Schuylkill County, the plaintiff received seven sentences, each of 6 months to 12 months, to run consecutively. The plaintiff believes that it was improper to aggregate the minimum periods, to 42 months, thereby allowing the Parole Board to fulfill the two year requirement recited above.

 This argument ignores the mandate of 19 P.S. Pa. § 897, which expressly requires that:

Whenever * * * two or more sentences to run *consecutively* are imposed by any Court of this Commonwealth, * * * there shall be deemed to be imposed upon such person a sentence the *minimum* of which shall be the *total* of the *minimum* limits of the several sentences so imposed, and the maximum of which shall be the total of the maximum limits of such sentences (emphasis added).

Decisions construing this statute have consistently observed that it was enacted to permit the Board to aggregate sentences for the purpose of parole. Commonwealth ex rel. Lowry v. Penna. Board of Parole, 415 Pa. 90, 202 A.2d 98 (1964); Commonwealth ex rel. Hill

v. Burke, 165 Pa.Super. 583, 69 A.2d 169 (1950). See also Kinsella v. Board of Trustees, Western State Penitentiary, 340 Pa. 497, 17 A.2d 882 (1941) and Commonwealth ex rel. Brubaker v. Salzinger, 82 Dauph. 168 (1965) for application of the above statute in factual situations similar to the instant case.[4]

 Having properly implemented the above statutes, there is no issue of constitutional import presented here.[5] United States ex rel. Monk v. Maroney, 378 F.2d 55 (3rd Cir. 1967).

## C.

Finally, the plaintiff asserts that although he was recommitted as a technical parole violator, he has not been given a hearing.

Pursuant to a prior petition, this Court examined this identical allegation and found it to be completely without merit. See Ambrek, v. Brierly, *Misc. No. 3763, January 31, 1968.* Suffice to say that the plaintiff has received the administrative review before the Board to which he is entitled under the Parole Act, 61 P.S. Pa. § 331.21a(b). There is no constitutional error in the parole revocation procedure, as applied to the plaintiff. See United States ex rel. Heacock v. Myers, supra, and decisions cited therein. See also Gallagher v. Penna. Board of Probation and Parole, 287 F.Supp. 610, Memorandum and Order by Fullam, J., dated March 18, 1968.

## ORDER

And now, this 18th day of July 1968, it is hereby ordered that the petition to proceed *in forma pauperis*, 28 U.S.C. §

---

4. According to certified true copies of the bills of indictment, consecutive sentences were imposed by Curran, P. J., Court of Quarter Sessions, Schuylkill County, on February 6, 1961, of 6 months to one year imprisonment, on Bills No. 92 to 97, and 119. Concurrent sentences were imposed on No. 98 to 107. Subsequently, on February 20, 1961, Judge Curran imposed concurrent sentences in Nos. 219 and 223.

5. In addition, 61 P.S.Pa. § 331.17 upon which the plaintiff relies, continues:

and provided further, That the period of two years herein referred to shall mean the *entire continuous* term of sentence to which a person is subject, whether the same be by one or more sentences * * * (emphasis added). The provisions of the Parole Act are applicable to parolees from county prisons as well as state penitentiaries. Commonwealth ex rel. Rawlings v. Botula, 260 F.Supp. 298 (W.D.Pa.1966).

1915, in Civil No. 68–1474 is denied, as without merit.

It is further ordered that the defendants' Motion for Summary Judgment, Federal Civil Rule 56, in Civil No. 44391, is granted.