**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4182
_____

ROBERT BENCHOFF,
                              Appellant

v.

DIANE YALE, Supervisor of Records;
MICHAEL GREEN, Member, PA Board of Probation & Parole;
NORMAN DEMMING, Classification and Program Manager
Pennsylvania Department of Corrections;
MICHAEL POTTEIGER; PAT MCCRONE
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civil Action No. 3-11-cv-01106)
District Judge:  Honorable Malachy E. Mannion
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 1, 2015

Before: FUENTES, SHWARTZ and ROTH, <u>Circuit</u> <u>Judges</u>

(Filed: July 29, 2015)
_____

OPINION[*]
_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Robert Benchoff, a Pennsylvania state prisoner proceeding pro se, appeals an order of the United States District Court for the Middle District of Pennsylvania granting summary judgment for the defendants in his civil rights action. We will affirm the judgment of the District Court.

In August 1995, Benchoff was found guilty by a jury in the Franklin County Court of Common Pleas of burglary and related crimes arising from an incident on December 25, 1994. Benchoff also pleaded guilty to two counts of interference with custody of a child arising from an earlier domestic incident. In December 1995, Benchoff was sentenced to two consecutive terms of one to six years in prison for his interference with custody convictions, and a consecutive term of four to twenty years in prison for burglary. His aggregate sentence is a term of six to thirty-two years in prison, which expires in 2026.

Benchoff has been denied parole since his initial review in 2000. Relevant to his present appeal, Benchoff was denied parole on August 13, 2010 after an interview by Hearing Examiner Pat McCrone and Parole Board Member Michael Green. The reasons set forth in the decision for the denial were (1) Benchoff's risk to the community as indicated by reports, evaluations, and assessments; (2) his minimization of the nature and circumstances of his offenses; and (3) the negative recommendation of the prosecutor.

Benchoff filed a complaint in District Court pursuant to 42 U.S.C. § 1983 against McCrone, Green, Norman Demming, the Pennsylvania Department of Corrections

2

Classification and Program Manager, Diane Yale, the Supervisor of Records at SCI-Dallas, and Michael Potteiger, Chairman of the Parole Board.[1] Benchoff claims violations of the Ex Post Facto Clause and the Fourteenth Amendment based on his classification as a violent offender, which he states makes it more difficult for him to be afforded parole. Benchoff also claims violations of his constitutional rights based on the defendants' alleged failure to recognize that he has served his sentences for interference with custody, and the use of an incorrect sentence status document at his parole hearing. Benchoff seeks an order requiring the defendants to reclassify him as a non-violent offender and to amend his sentence status document.

Following discovery, the District Court adopted the Magistrate Judge's recommendation to deny Benchoff's motion for partial summary judgment and to grant summary judgment for the defendants. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is plenary. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).

We find no error in the District Court's grant of summary judgment for the defendants on Benchoff's ex post facto claim. The ex post facto inquiry has two prongs: (1) whether there was a change in the law or policy which has been given retrospective

---

[1]The operative complaint is the amended complaint filed on November 17, 2011. Benchoff's original complaint had named other defendants who were dismissed when the District Court screened the complaint pursuant to 28 U.S.C. § 1915(e). Potteiger was substituted as a party when he became Parole Board Chairman, and McCrone was added as a defendant during discovery. The amended complaint incorporates the exhibits attached to the original complaint.

3

effect, and (2) whether the offender was disadvantaged by the change. Richardson v. Pennsylvania Bd. of Prob. & Parole, 423 F.3d 282, 287-88 (3d Cir. 2005). To violate the Ex Post Facto Clause, a retroactive change in the law or policy must create a "sufficient risk of increasing the measure of punishment attached to the covered crimes"; a "speculative and attenuated possibility of … increasing the measure of punishment" is not enough. Id. at 288 (quoting Calif. Dep't of Corr. v. Morales, 514 U.S. 499, 509 (1995)).

Benchoff states that he was misclassified as a violent offender, based on his burglary conviction, as a result of a change in Parole Board policy that occurred after he committed his crime. As recognized by the District Court, the record does not reflect when the Parole Board first deemed burglary a crime of violence. Benchoff argues that this change coincided with a change in a sentencing law enacted in October 1995, which added burglary to the definition of "crime of violence." Potteiger relied on this statute, 42 Pa. Cons. Stat. § 9714(g), in a response to an interrogatory asking him to define "crime of violence," "violent offender," and similar terms.

We agree with the District Court's conclusion that the Parole Board may have changed its policy as to whether it considered burglary a violent offense after Benchoff committed his crime, but the record does not reflect that such a change disadvantaged him. Benchoff primarily argues that classifying him as a violent offender increased the number of votes he needed to be paroled. Under the Parole Act, the Board may make

4

parole decisions either by a majority of the Board or in two-person panels consisting of one Board member and one hearing examiner or two Board members. 61 Pa. Cons. Stat. § 6113. The same was true under the predecessor statute, 61 Pa. Stat. § 331.4, in effect when Benchoff committed his offense. Benchoff was denied parole on August 13, 2010 based on the unanimous vote of the two-person panel of Hearing Examiner McCrone and Board member Green. See Ex. 1 in Support of Def. Mot. for Summ. Judgment.

There is authority and evidence in the record reflecting that in 1995 Board policy required certain violent offenders to receive three votes in favor of parole. Myers v. Ridge, 712 A.2d 791, 797-98 (Pa. Commw. 1998); Amended Complaint, Ex. G. Potteiger, however, stated in his discovery responses that it was the Board's policy in 2010 that a violent offender could be granted parole "by a panel of two Board Member votes, or by a majority of the Board." Ex. 19 in Support of Pl.'s Partial Mot. for Summ. Judgment at 5. It is not clear why Benchoff, who is designated a violent offender, was reviewed by a hearing examiner and a Board member if two Board member votes were required for his release, but Benchoff was not denied parole because he did not have more than two votes in favor of parole. He had none. Benchoff thus has not shown that his violent offender status disadvantaged him in this regard.

Benchoff also has not shown that, if he was not classified as a violent offender, he was a good candidate for parole in 2010. See Richardson, 423 F.3d at 293 (stating ways a prisoner might show that the 1996 amendments to the Parole Act, which subjected violent offenders to a more stringent standard of review, disadvantaged him). As noted

5

above, parole was denied based on Benchoff's risk to the community as indicated by reports, evaluations and assessments, his minimization of his offenses, and the negative recommendation of the prosecutor. There is some evidence suggesting that a prisoner's violent offender status plays a role in the Parole Board's risk assessment, but the other grounds for Benchoff's parole denial are unrelated to his classification. Summary judgment was thus warranted on this claim.[2]

Benchoff also asserts that the Sentence Status Summary used by the Parole Board should reflect that his sentences for interference with custody have expired. The Sentence Status Summary sets forth the terms of each of his sentences and the dates his minimum and maximum sentences expire. The Summary also provides that Benchoff's total sentence is six to thirty-two years in prison and that his sentence is "active." Benchoff contends that, by not recognizing that his interference with custody sentences have expired, he is in effect serving a thirty-two year sentence for each of his convictions.

Benchoff has not shown a constitutional violation as a result of the Board's use of the Sentence Status Summary. He does not dispute his maximum sentence date or that his sentences were properly aggregated pursuant to 42 Pa. Cons. Stat. § 9757.[3] As noted

---

[2]We do not consider the District Court's other reasons for rejecting Benchoff's ex post facto claim. We also conclude that Benchoff has not shown that summary judgment was improperly granted on his due process claim based on his violent offender classification. See Newman v. Beard, 617 F.3d 775, 782 (3d Cir. 2010).

[3]Aggregating, or combining, consecutive sentences eliminates the need for a prisoner to

above, the Summary sets forth the terms of each sentence.  Benchoff also argues that the active status of his interference with custody sentences improperly allows the Board to give the victims of these crimes the opportunity to comment before he can be paroled, but the Board's decision does not reflect that it was based on any comments by Benchoff's victims.  We find no error in the grant of summary judgment on this claim.

Accordingly, we will affirm the judgment of the District Court.[4]

---

apply for constructive parole at the expiration of his first consecutive sentence.  <u>See</u> <u>United States ex rel. Monk v. Maroney</u>, 378 F.2d 55 (3d Cir. 1967) (per curiam) (involving predecessor statute).

[4]Benchoff's motion for leave to file a reply brief out of time is dismissed as unnecessary because his brief was timely filed.  Benchoff's motion for oral argument is denied.