# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Benchoff,                              :
                          Petitioner          :
                                              :
                    v.                        :    No. 185 M.D. 2019
                                              :    SUBMITTED:  October 18, 2019
Office of the Attorney General,               :
                          Respondent          :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                  **FILED:  September 15, 2020**

Before the Court are the preliminary objections of the Office of the Attorney General (OAG) to the Petition for Review in the Court's original jurisdiction of Robert Benchoff, an inmate at the State Correctional Institution in Camp Hill proceeding *pro se*, seeking declaratory relief to compel OAG to conduct a hearing under the Administrative Agency Law (AAL)[1] on his challenge brought under the Criminal History Records Information Act (CHRIA).[2]  Benchoff wishes to challenge allegedly erroneous information maintained by the Pennsylvania Department of Corrections (DOC) and the Pennsylvania Board of Probation and Parole[3] (Parole Board), i.e., his classification by the Parole Board and DOC as a "violent offender."  Also before the Court is Benchoff's motion for judgment on the

---

[1] 2 Pa.C.S. §§ 501 - 508, 701 - 704.

[2] 18 Pa.C.S. §§ 9101 - 9183.

[3] The agency's name has since been changed to the Pennsylvania Parole Board.

pleadings. We deny both OAG's preliminary objections and Benchoff's motion for judgment on the pleadings.

By way of pertinent background, we note that Benchoff's status in the records of the Parole Board and DOC as a violent offender has been the subject of previous litigation. *See Benchoff v. Yale*, (M.D. Pa., Civil No. 3:11-CV-1106, filed Sept. 30, 2013), *aff'd*, 620 F. App'x 114 (3d Cir. 2015). Benchoff filed a previous action in federal court against various persons associated with DOC and the Parole Board under Section 1983 of the Civil Rights Act of 1871, 42 U.S.C. § 1983. That case challenged, *inter alia*, his status as a violent offender which he alleged increased the stringency of requirements he must meet for parole. In 1995, Benchoff had pled guilty to two counts of interference with child custody and was found guilty of one count of burglary. The aggregated sentence for these convictions was six to thirty-two years. Benchoff claimed that burglary was not considered a violent offense at the time he committed it in 1994. The District Court ultimately granted summary judgment against Benchoff and closed the case and the United States Court of Appeals for the Third Circuit affirmed. In affirming, the Third Circuit stated: "We agree with the District Court's conclusion that the Parole Board may have changed its policy as to whether it considered burglary a violent offense after Benchoff committed his crime, but the record does not reflect that such a change disadvantaged him." 620 F. App'x at 117.

In December 2017, Benchoff seized upon the statement by the Third Circuit that the Parole Board "may have changed its policy . . . ." and requested under Section 9152(c) of CHRIA, 18 Pa.C.S. § 9152(c),[4] that DOC and the Parole

---

[4] Section 9152(c) of CHRIA provides, in relevant part, as follows:

Board change information in their possession which designated him as a "violent offender." (Benchoff Pet. ¶ 5 and Ex. 1.) The agencies took no substantive action on his request within sixty days as required under 18 Pa.C.S. § 9152(d). (Benchoff Pet. ¶ 6 and Ex. 2.) An attorney for DOC sent a letter in December 2017 stating that if Benchoff wished to review DOC records pertaining to sentencing information, he might send a request to staff, but that a request for review of other criminal history information must be sent to the Pennsylvania State Police. (Benchoff Pet. Ex. 2.) The Parole Board denied the request on the basis that records in the possession of the Parole Board are private, confidential, and privileged under 37 Pa. Code § 61.2. (*Id.*)

In February 2018, Benchoff appealed to OAG from the denial of his requests to DOC and the Parole Board and requested a hearing under the AAL. In August 2018, an attorney designated as the Administrative Law Judge (ALJ) for the matter sent a letter to Benchoff stating that he would receive notice in the "near future" regarding the conduct of a hearing in connection with his appeal. (Benchoff Pet. ¶ 7 and Ex. 3) In January 2019, Benchoff filed a motion with the assigned ALJ to set a calendar date for a hearing. (Benchoff Pet. ¶ 8 and Ex. 4.) In March 2019, Benchoff sent a letter to Attorney General Josh Shapiro setting forth the history of the appeal and delay in holding a hearing, renewing his request for a hearing. (Benchoff Pet. ¶ 8 and Ex. 5.) On March 29, 2019, Benchoff filed the instant matter

---

(c) Challenge to accuracy.—The individual may challenge the accuracy of his or her criminal history record information by specifying which portion of the record is incorrect and what the correct version should be. . . .

18 Pa.C.S. § 9152(c).

3

with this Court, seeking declaratory judgment directing OAG to promptly schedule a hearing and to reimburse him fees and costs.

On April 2, 2019, shortly after Benchoff's filing of his Petition, the ALJ issued an order which stated that a prehearing conference would be conducted on May 10, 2019 and an evidentiary hearing would be conducted on June 14, 2019. Benchoff, taking the scheduling of a hearing as mooting his Petition, filed a motion for judgment on the pleadings under Rule No. 1034 of the Pennsylvania Rules of Civil Procedure, in which he asserted that since he had succeeded in obtaining the relief requested in his petition, he was entitled to costs and counsel fees.[5] Thereafter, OAG filed preliminary objections to Benchoff's Petition, asserting lack of subject matter jurisdiction by this Court (based on the mootness doctrine, citing Benchoff's motion for judgment on the pleadings) and legal insufficiency of the petition (demurrer).[6]

In order to ascertain whether the matter was indeed moot, this Court issued a rule to show cause by *per curiam* order on April 9, 2020. The order directed Benchoff to explain why OAG's preliminary objections should not be granted and Benchoff's Petition dismissed as moot and directed OAG to file a response. Benchoff filed a reply which stated his motion for judgment on the pleadings might have been premature because the hearing was ultimately not held as scheduled and had not been rescheduled. OAG did not file a response to Benchoff's reply to the rule to show cause.

---

[5] OAG, in opposing the motion, stated that based on its content, the motion was actually a motion for default judgment under Rule No. 1037 of the Pennsylvania Rules of Civil Procedure. (OAG's Br. Opp. Mot. Judgment on the Pleadings ¶ 1.) As Benchoff now states that the motion was prematurely filed, we do not reach the merits.

[6] OAG characterizes the petition as being one of mandamus rather than for declaratory relief. (OAG's Prelim. Objs. ¶ 5.)

4

We first address Benchoff's argument that OAG has waived the issues raised in its preliminary objections because he alleges OAG received service of his Petition for Review on April 1, 2019, but did not file its Preliminary Objections until more than thirty days later, in excess of the time permitted by Rule 1516 of the Pennsylvania Rules of Appellate Procedure ("[e]very pleading filed after an original jurisdiction petition for review shall be filed within 30 days after service of the preceding pleading . . . ."). This argument is unavailing, because OAG filed a motion for extension of time, which was granted by the Court. Rule 105(b) of the Pennsylvania Rules of Appellate Procedure provides that with a few exceptions not relevant to this matter, "[a]n appellate court for good cause shown may upon application enlarge the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of such time." Thus, the Court was within its authority in granting the extension of time to file a response. OAG filed preliminary objections within the enlarged period of time granted and has not waived them.

OAG's first preliminary objection[7] is that the Court lacks subject matter jurisdiction because Benchoff has already obtained the relief sought, i.e., the scheduling of a hearing on the CHRIA challenges. While Benchoff's motion for judgment on the pleadings suggested that this was the case, it is now undisputed that no hearing has taken place or been scheduled. Thus, we find that the matter is not moot.

---

[7] In reviewing preliminary objections, all material facts averred in the complaint, and all reasonable inferences that can be drawn from them, are admitted as true. *Stedman v. Lancaster Cty. Bd. of Comm'rs*, 221 A.3d 747, 755 (Pa. Cmwlth. 2019). However, a court need not accept as true conclusions of law, unwarranted inferences, argumentative allegations, or expressions of opinion. *Id.* Preliminary objections should be sustained only in cases that are clear and free from doubt. *Id.*

OAG's second preliminary objection is that Benchoff's Petition is legally insufficient. OAG notes that CHRIA requires only that OAG conduct a hearing *de novo* in accordance with the AAL, and does not require OAG to schedule a hearing within a particular time. Thus, OAG argues that Benchoff does not have a clear legal right to compel OAG to schedule a hearing *promptly*.

We disagree, because even though not explicitly raised as such, Benchoff's Petition implicates issues of due process.[8] While Section 9152(e) of CHRIA, 18 Pa.C.S. § 9152(e), and the AAL, and applicable regulations,[9] do not establish a time limit or frame for the holding of a hearing, the AAL "provide[s] a default mechanism for the provision of hearings and for appeals from administrative

---

[8] The allegations of a *pro se* complainant are held to a less stringent standard than that applied to pleadings filed by attorneys. *Stodghill v. Pa. Dep't of Corr.*, 150 A.3d 547, 551 (Pa. Cmwlth. 2016), *aff'd*, 177 A.3d 182 (Pa. 2018). If a fair reading of the complaint shows that the complainant has pleaded facts that may entitle him to relief, the preliminary objections will be overruled. *Id.*

[9] A regulation promulgated under the AAL provides for a hearing calendar:

> (a) The agency will maintain a hearing calendar of all proceedings set for hearing.
>
> (b) In the absence of cause requiring otherwise, and as time, the nature of the proceedings, and the proper execution of the functions of the agency permit, matters required to be determined upon the record after hearing or opportunity for hearing will be placed upon the hearing calendar. Proceedings pending upon this calendar will in their order of assignment, so far as practicable, be heard at the times and places fixed by the agency head or presiding officer, giving due regard to the convenience and necessity of the parties or their attorneys. The agency, in its discretion with or without motion, for cause may at any time with due notice to the participants advance or postpone any proceeding on the hearing calendar.

1 Pa. Code § 35.102 (relating to hearing calendar). OAG has promulgated regulations under CHRIA governing challenges under same. *See* 37 Pa. Code §§ 195.1 - 195.6.

adjudications, *which comport with due process requirements*." *Turner v. Pa. Pub. Util. Comm'n*, 683 A.2d 942, 946 (Pa. Cmwlth. 1996) (emphasis added). A fundamental requirement of due process is the opportunity to be heard, "which must be granted at a meaningful time and in a meaningful manner." *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965). At some point, a delay in holding a hearing may become a constitutional violation. *See Barry v. Barchi*, 443 U.S. 55, 66 (1979).

This case may be contrasted with this Court's decision in *Feigley v. Department of Corrections*, 731 A.2d 220 (Pa. Cmwlth. 1999), in which a prisoner maintained an action in mandamus asserting, *inter alia*, that OAG failed to "promptly entertain" his appeal from DOC's alleged failure to review and correct his prison records under Section 9152 of CHRIA. In that case:

> [I]n January of 1999, OAG scheduled a hearing on Petitioner's appeal. By subsequent letter, Petitioner waived such a hearing and asked that his appeal be considered on the record, including the written documents submitted by him to OAG. The evidence of record indicates that OAG is presently assembling all written documents and records and is considering Petitioner's appeal. Thus, OAG is "entertaining" Petitioner's appeal and is not in violation of Section [9152 of CHRIA, 18 Pa.C.S. § 9152].

*Id.* at 223. In the case at bar, OAG is alleged to have engaged in extensive delay over the repeated protests of Benchoff. Indeed, it is averred that two years have passed since an ALJ was appointed and notified Benchoff that "in the near future" a hearing would be scheduled, and that over a year has passed since a hearing was finally scheduled for June of 2019 and, for unexplained reasons, has never been held or rescheduled. Thus, we cannot agree that Benchoff's petition fails to state a claim.

Finally, we deny Benchoff's motion for judgment on the pleadings. As Benchoff himself has admitted, it is premature both substantively and procedurally. This action clearly has not been resolved in his favor at this time, which would have to occur before any consideration of fees and costs would be ripe. Moreover, the pleadings have not yet closed as is required by Pa. R.C.P. No. 1034(a) before judgment on the pleadings may be requested.[10]

In light of the foregoing, both OAG's preliminary objections and Benchoff's motion for judgment on the pleadings are denied. OAG shall file an answer within thirty days in compliance with Rule 1516(b) of the Pennsylvania Rules of Appellate Procedure.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

---

[10] In this regard, Benchoff has styled his application as a motion for judgment on the pleadings, and we have treated it as such. We note that if it was treated as a motion for summary relief it would not present the same procedural defect. *See* Pa. R.A.P. 1532 (relating to special and summary relief). Neither characterization really fits squarely with this application, however, and indeed, OAG characterized it as a motion for default judgment under Rule 1037 of the Pennsylvania Rules of Civil Procedure (relating to judgment upon default or admission and assessment of damages). In any case, Benchoff's demand for fees and costs, which would become ripe only *if* and *after* he prevails in this case, is clearly premature at this juncture and he now concedes as much.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Benchoff,            :
           Petitioner       :
           :
        v.            :    No. 185 M.D. 2019
           :
Office of the Attorney General,      :
           Respondent    :

## O R D E R

AND NOW, this 15th day of September, 2020, the preliminary objections of the Office of the Attorney General and the motion for judgment on the pleadings of Robert Benchoff are DENIED.

The Office of the Attorney General is DIRECTED to file an answer to Benchoff's Petition for Review within thirty days of the filing of this Order.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge